UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIRONNE SIMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1091-JDT-cgc |
| ) | |
| NURSE PRACTITIONER ROBERSON, ) ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING
THAT PROCESS BE ISSUED AND SERVED ON DEFENDANT
ROBERSON AND DIETZ

On May 13, 2019, Plaintiff Tironne Simpkins, who currently is incarcerated at the South Central Correctional Center in Clifton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint addresses events that allegedly occurred while Simpkins was incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee. (ECF No. 1 at PageID 4.) The Court issued an order on May 14, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as WCF Nurse Practitioner First Name Unknown (FNU) Roberson and WCF Doctor FNU Deitz.

Simpkins alleges that since 2015, he has experienced severe pain in his neck and back and requested treatment while at the WCF. (ECF No. 1 at PageID 5.) He alleges that he was given ibuprofen for about a year and x-rayed on January 18, 2018. (*Id.*)

On June 29, 2018, Nurse Practitioner (NP) Roberson examined Simpkins, but both Roberson and Dietz refused to give Simpkins the results of his January 18, 2018, x-ray and allegedly did not treat his pain. (*Id.*) Simpkins alleges that Roberson and Dietz continued to refuse him treatment up to the date he filed his complaint. (*Id.*) In the meantime, the pain detrimentally affected his "ability to work, walk, climb up and down steps to get to his housing assignment on the top tier, sleep, exercise, take showers, and perform other daily activities." (*Id.*)

On August 2, 2018, Simpkins filled out another sick-call request, but Roberson and Dietz allegedly ignored it. (*Id.* at PageID 6.) About a week later, he requested an extra mattress and a bottom bunk and a chair to step up and down from his bunk. (*Id.*) He alleges that the WCF Medical Department, "by and through" Roberson and Dietz, denied his requests. (*Id.*) As of the date the complaint was filed, the defendants allegedly had refused to see Simpkins for chronic care visits or provide him any treatment whatsoever. (*Id.*) He also alleges that his grievances went unanswered. (*Id.*) He asserts that the WCF Medical Department retaliated against him by ignoring his sick-call requests and grievances. (*Id.* at PageID 7.)

Simpkins seeks compensatory and punitive damages. (*Id.* at PageID 8.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for

3

failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Simpkins filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Simpkins intends to assert an official-capacity claim against the Defendants, his claim is against their employer, CoreCivic, a private company that manages the WCF. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a

4

§ 1983 claim against CoreCivic, a plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Simpkins, however, does not allege that he is being denied medical treatment because of an unconstitutional policy or custom of CoreCivic.

The Court reviews claims regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain" . . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

5

person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837.

Simpkins's allegations satisfy both components of an Eighth Amendment claim. He alleges that his back and neck pain is serious enough that it affects every aspect of his daily life, including working, walking, climbing stairs, sleeping, exercising, and showering. Pain that prevents a person from carrying on with his daily activities "would be 'easily recognized as needing a doctor's attention'" and therefore qualifies as a serious medical need. *Gunther v. Castineta*, 561 F. App'x 497, 501 (6th Cir. 2014); *see Blackmore*, 390 F.3d at 897. Simpkins also alleges that Roberson and Dietz have examined him and are aware of the pain in his back and neck yet have provided no medical treatment. Although he alleges that he was x-rayed in January 2018, he says Roberson and Dietz have

refused to discuss with him the results of the x-ray or provide treatment accordingly. Simpkins sufficiently alleges that Roberson and Dietz knew of the excessive and on-going risk to Simpkins's health and disregarded it. His Eighth Amendment claim against both Defendants will proceed.

To the extent Simpkins claims the WCF grievance process was inadequate, he fails to state a valid claim under § 1983. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

The Court reviews Simpkins's retaliation claim under the First Amendment. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) ("Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution."). A claim of retaliation has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "Protected conduct, for the purposes of a First Amendment retaliation claim, encompasses a prisoner's efforts to access the courts in . . . civil rights claims." *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002); *see Thaddeus-X*, 175 F.3d at 391. Filing a grievance also is protected conduct. *Hill*, 630 F.3d at 472. "[T]he plaintiff must be able to prove that the exercise of the protected

7

right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Simpkins alleges that he filed numerous grievances at WCF about his inadequate medical treatment. However, the only adverse action he alleges is inaction—he alleges that he received no response to his grievances and no treatment. Simpkins asserts that this inaction was in retaliation for the grievances he filed. Inaction in response to a grievance does not qualify as an "adverse action" for purposes of a First Amendment retaliation claim. *See, e.g.*, *Rhodes v. Robinson*, 399 F. App'x 160, 163 (9th Cir. 2010); *Houston v. Schriro*, No. 11 CIV. 7374 HB, 2013 WL 4457375, at *10 (S.D.N.Y. Aug. 20, 2013); *Young v. Wexford Health Sources*, No. 10 C 8220, 2012 WL 621358, at *6 (N.D. Ill. Feb. 14, 2012); *Malone v. Rangel*, No. 1:09CV00505SKO PC, 2010 WL 3001396, at *3 (E.D. Cal. July 29, 2010) *Lazarus v. Nimcheski*, No. CIV. 11-00279 SOM, 2011 WL 1831742, at *5 (D. Haw. May 11, 2011) (citing *McCabe v. McComber*, No. 08-00112 JMS, 2008 WL 4133186 *9 (D. Haw. Sept. 8, 2008)). Simpkins cannot satisfy the second element and therefore fails to state a First Amendment claim of retaliation.

In conclusion, the Court DISMISSES Simpkins's First Amendment retaliation claim for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). His Eighth Amendment claim against for lack of adequate medical care will proceed.

It is ORDERED that the Clerk shall issue process for Defendants Nurse Practitioner FNU Roberson and Dr. FNU Dietz and deliver that process to the U.S. Marshal for service.

Service shall be made on Defendants Roberson and Dietz pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Simpkins shall serve a copy of every subsequent document he files in this case on the attorneys for Defendants Roberson and Dietz or on Defendants Roberson and Dietz personally if they are unrepresented. Simpkins shall make a certificate of service on every document he files. Simpkins shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Simpkins is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.