IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TIRONNE SIMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-1091 |
| | ) | |
| NURSE PRACTITIONER ROBERTSON, ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This is a prisoner's rights case brought by pro se Plaintiff Tironne Simpkins pursuant to 42 U.S.C. § 1983. Before the Court is Tasma Robertson's Motion for Summary Judgment (the "Motion"). (ECF No. 20.) Simpkins has not responded. For the following reasons, the Motion is GRANTED.

**I. Background**

The following facts are undisputed.[1]

---

[1] Simpkins has not responded to Robertson's Motion for Summary Judgment. "When a nonmoving party fails to respond to a summary judgment motion in the time frame set by the local rules, district courts in the Sixth Circuit have largely consider[ed] the [moving party's] statement of material facts to be undisputed for purposes of the instant motion of summary judgment." Jones v. City of Franklin, 677 F. App'x 279, 285 (6th Cir. 2017).

Simpkins was an inmate previously incarcerated at Whiteville Correctional Facility ("WCF"). (ECF No. 1.) He was transferred from WCF in July of 2019. (ECF No. 5.) Robertson is currently, and was at all relevant times, employed as a nurse practitioner at WCF. (ECF No. 20-1.)

On May 13, 2019, Simpkins filed his Complaint against Robertson and "WCF Doctor FNU Dietz" ("Dietz"), alleging that, inter alia, they had failed to provide him with adequate medical care in violation of the Eighth Amendment. (ECF No. 1.) Simpkins asserts that he has felt back and neck pain since 2015, for which he was only given ibuprofen and an x-ray. (Id.) He alleges that Robertson and Dietz examined him, but that they refused to provide him with the results of the x-ray. (Id.) Simpkins claims that Robertson and Dietz ignored his sick calls and refused to provide him with any more treatment. (Id.)

On October 22, 2019, the Court screened Simpkins' Complaint, dismissing all claims except the Eighth Amendment claim against Robertson and Dietz. (ECF No. 6.) On January 28, 2020, summons was returned unexecuted as to Dietz. (ECF No. 8.) On June 22, 2020, Robertson filed the Motion. (ECF No. 20.) In the Motion, she argues that Dietz should be dismissed pursuant to Federal Rule 4(m). (Id.) On March 8, 2022, the Court ordered Simpkins to respond to the Motion by

2

March 22, 2022. (ECF No. 25.) Simpkins has not responded to the Motion.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden of demonstrating the absence of a genuine dispute of material fact first rests with the moving party." George v. Youngstown St. Univ., 966 F.3d 446, 458 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party can meet this burden by showing the Court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. Id. (citing Celotex, 477 U.S. at 322-23).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts."

3

Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  When evaluating a motion for summary judgment, a court must view the evidence in the light most favorable to the party opposing the motion.  George, 966 F.3d at 458 (citing Matsushita, 475 U.S. at 587).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings.  See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324).  Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor.  Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1).  The Court does not have the duty to search the record for such evidence.  See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

### III. Analysis

#### A. Dismissal of Dietz

In a footnote of her Motion for Summary Judgment, Robertson seeks dismissal of Dietz pursuant to Rule 4(m). (ECF No. 20-4 at 2 n 1); see Fed. R. Civ. P. 4(m). Rule 4(m) provides:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Complaint was filed on May 13, 2019. (ECF No. 1.) The Court screened Complaint on October 22, 2019. (ECF No. 6.) Summons was issued on October 22, 2019, and returned unexecuted on January 28, 2020. (ECF Nos. 7, 8.) More than two years have passed. Robertson's Rule 4(m) motion to dismiss Dietz is GRANTED.

#### B. Robertson's Motion for Summary Judgment

Robertson argues for summary judgment because Simpkins did not exhaust his administrative remedies and because his claim is barred by the applicable statute of limitations. (ECF No. 20-4.) The Prison Litigation Reform Act (the "PLRA") requires a prisoner to exhaust his administrative remedies before filing suit under § 1983. 42 U.S.C. § 1997e(a); see Jones v. Bock,

5

549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). To exhaust a claim properly under the PLRA, a plaintiff must comply with prison grievance procedures. Bock, 549 U.S. at 922-23 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The prison's requirements, not the PLRA, define the boundaries of exhaustion. Id. at 923. Proper exhaustion of administrative remedies means taking all steps that the agency requires. Woodford, 548 U.S. at 91 (internal citations omitted).

It is undisputed that Simpkins has not filed a grievance against Robertson that complies with WCF policy. Simpkins has not exhausted his administrative remedies. Robertson's Motion is GRANTED.

**IV. Conclusion**

For the foregoing reasons, the Motion is GRANTED. Defendants Robertson and Dietz are dismissed.

SO ORDERED this 21st day of June, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

6